# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LONNIE WILLIS, on behalf of himself and those similarly situated,<br>756 Lalor St, Apt 2<br>Trenton, NJ 08610<br><br>          Plaintiffs,<br>  v.<br><br>AMERIFREIGHT SYSTEMS, LLC,<br>1200 N. Ellis St.<br>Bensenville, IL 60106<br><br>  and<br><br>JOHN DOES 1-10<br><br>          Defendants. | INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT<br><br>DOCKET NO:<br><br><br>**JURY TRIAL DEMANDED** |

## **INDIVIDUAL, COLLECTIVE, AND CLASS ACTION CIVIL COMPLAINT**

Named Plaintiff Lonnie Willis (hereinafter "Named Plaintiff"), individually and on behalf of himself and those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendants Amerifreight Systems, LLC and John Does 1-10 (hereinafter collectively referred to as "Defendants").

## **INTRODUCTION**

1. Named Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"). Named Plaintiff asserts that Defendants erroneously designated Named Plaintiff and those similarly situated ("Collective Action Plaintiffs") as independent contractors and unlawfully deducted from and withheld portions of Named Plaintiff's and Collective Action Plaintiffs' pay. Specifically, Defendants required Named Plaintiff and Collective Action Plaintiffs to cover the costs of Defendants' business, intentionally

1

reducing Named Plaintiff and Class Plaintiffs' pay below the statutorily mandated minimum wage.

2. Additionally, Named Plaintiff has initiated the instant action to redress violations by Defendants of the Illinois Wage Payment and Collection Act. Named Plaintiff asserts that Defendants erroneously designated Named Plaintiff and those similarly situated ("Illinois Plaintiffs") as independent contractors and unlawfully deducted from and withheld portions of Named Plaintiff's and Illinois Plaintiff's pay. Specifically, Defendants deducted from the pay of Named Plaintiff and Illinois Plaintiffs amounts which were not authorized by law or in writing.

3. Named Plaintiff has further initiated the instant action to redress violations by Defendants of the New Jersey Wage and Hour Law and the New Jersey Wage Payment Collection Law (collectively "New Jersey Wage Laws"). Named Plaintiff asserts that Defendants erroneously designated Named Plaintiff and those similarly situated who worked out of New Jersey ("New Jersey Plaintiffs,") as independent contractors and unlawfully deducted from and withheld portions of Named Plaintiff's and New Jersey Plaintiff's pay, and failed to pay Named Plaintiff and New Jersey Plaintiffs at least minimum wage for all hours worked and at least 1.5 times the minimum wage for all hours worked over 40 per workweek.

## JURISDICTION AND VENUE

4. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

5. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq.* This Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

6. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this jurisdictional district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

7. Venue is properly laid in this judicial district pursuant to 29 U.S.C. § § 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**PARTIES**

8. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

9. Named Plaintiff Lonnie Willis is an adult individual with an address as set forth above.

10. "Collective Action Plaintiffs" refers to current and/or former commercial truck drivers who performed work for Defendants and for whom Defendants classified as "independent contractors" within the last three (3) years.

11. "Illinois Plaintiffs" refers to current and/or former commercial truck drivers who performed work for Defendants and for whom Defendants classified as "independent contractors" within the last ten (10) years.

12. "New Jersey Plaintiffs" refers to current and/or former commercial truck drivers who performed work for Defendants in New Jersey and for whom Defendants classified as "independent contractors" within the last six (6) years.

13. "Class Plaintiffs" refers to Illinois Plaintiffs and New Jersey Plaintiffs collectively.

14. Defendant Amerifreight Systems, LLC, (hereinafter Amerifreight) is a trucking company that operates in Illinois and New Jersey and is located at the address as set forth above.

15. Defendants John Doe 1 through John Doe 5 are presently unknown persons who directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants failing to pay Plaintiffs proper compensation pursuant to the FLSA, the Illinois Wage Payment Collection Law, and the New Jersey Wage Laws.

16. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Plaintiffs.

17. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATION

18. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

19. Named Plaintiff brings this action for violations of the FLSA as an individual action and as collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who performed work as a truck driver and who were designated as an "independent contractor" by Defendant Amerifreight and who worked in this capacity at any point in the three years preceding the date the instant action was initiated.

20. Named Plaintiff and Collective Action Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

21. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join the present lawsuit.

22. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

23. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## ILLINOIS CLASS ACTION ALLEGATIONS

24. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

25. Named Plaintiff brings this action for violations of the Illinois Wage Payment Collection Law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who performed work as truck drivers or in similar positions who were designated as "independent contractors" by Defendant Amerifreight and who worked in this capacity at any point in the ten (10) years preceding the date the instant action was initiated.

26. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least forty.

27. Named Plaintiff's claims are typical of the claims of the Illinois Plaintiffs, because Named Plaintiff, like all Illinois Plaintiffs, was an employee of Defendants in Illinois

within the last ten (10) years whom Defendants misclassified as an independent contractor and from whom Defendants unlawfully deducted pay.

28. Named Plaintiff will fairly and adequately protect the interests of the Illinois Plaintiffs because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

29. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

31. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendants misclassified Named Plaintiff and Illinois Plaintiffs as independent contractors and whether Defendants unlawfully deducted from Named Plaintiff's and Illinois Plaintiffs' wages.

## NEW JERSEY CLASS ACTION ALLEGATIONS

32. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

33. Named Plaintiff brings this action for violations of the New Jersey Wage Laws as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who performed work as truck drivers or in similar positions who were designated as "independent contractors" by Defendant Amerifreight and who worked in this capacity at any point in the six (6) years preceding the date the instant action was initiated.

34. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least forty.

35. Named Plaintiff's claims are typical of the claims of the New Jersey Plaintiffs, because Named Plaintiff, like all New Jersey Plaintiffs, performed work for Defendants in New Jersey within the last six (6) years and for whom Defendants misclassified as an independent contractor and from whom Defendants unlawfully deducted pay and paid less than the minimum required under the New Jersey Wage Laws.

36. Named Plaintiff will fairly and adequately protect the interests of the New Jersey Plaintiffs because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

37. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

39. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendants misclassified Named Plaintiff and New Jersey Plaintiffs as independent contractors and whether Defendants unlawfully deducted from Named Plaintiff's and New Jersey Plaintiffs' wages.

## FACTUAL BACKGROUND

40. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

41. Named Plaintiff worked for Defendants as a commercial truck driver from in or about August of 2014 until in or around May of 2015.

42. Collective Action and Class Plaintiffs worked/work for Defendants as Truck Drivers during the relevant time periods.

43. Upon information and belief, Defendants have maintained an unlawful wage payment system for at least the last ten (10) years.

44. At all times relevant, Defendants unlawfully designated Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs as independent contractors.

### Named Plaintiff and Class Plaintiffs Were "Employees" under State and Federal Law.

45. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

46. Upon information and belief, Defendants provided to Named Plaintiff and Class Plaintiffs an "independent contractor" agreement which purports to classify Named Plaintiffs and Class Plaintiffs as independent contractors.

47. Defendants are a motor carrier as defined by the Motor Carrier Act.

48. Defendants' primary business is to provide transportation of cargo for hire.

49. Named Plaintiff and Class Plaintiffs were controlled and directed by Defendants in the performance of their work for Defendants.

50. Named Plaintiffs and Class Plaintiffs were economically dependent upon Defendants.

51. Throughout his employment, Named Plaintiff operated different trucks in Defendants' fleet and was never assigned a specific truck for his sole use.

52. At no time did Named Plaintiff lease or obtain any other ownership interest in the trucks he drove.

53. Upon information and belief, Class Plaintiffs did not lease or obtain any other ownership interest in the trucks they drove.

54. At all times, Defendants directed, provided, and supervised the work performed by Named Plaintiff on Defendants' behalf.

55. At all times, Defendants directed, provided, and supervised the work performed by Class Plaintiffs on Defendants' behalf.

### Defendants' Unlawful Wage Deduction Policy
### (Named Plaintiff and Illinois Plaintiffs v. Defendants)

56. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

57. Upon information and belief, Defendants paid Named Plaintiff and Illinois Plaintiffs from Illinois.

58. Upon information and belief, paychecks which were provided to Named Plaintiff and Illinois Plaintiffs were processed in Illinois.

59. Defendants are an "employer" in Illinois under the statutory definition of the Illinois Wage Payment and Collection Act.

60. Named Plaintiff and Illinois Plaintiffs were "employees" under the statutory definition of the Illinois Wage Payment and Collection Act because they were permitted to work by Defendants, an employer, as commercial truck drivers.

61. During Named Plaintiff's and Illinois Plaintiffs' employment, Defendants made unlawful deductions from Named Plaintiff's and Illinois Plaintiffs' paychecks, including deductions for truck repairs, employer-initiated fines, lodging provided for Defendants' benefit, escrow account fees, logbook fees, cash advances, insurance fees, and other miscellaneous fees ("Wage Deduction Policy").

62. The deductions made pursuant to Defendants' Wage Deduction Policy were not required by law.

63. The deductions made pursuant to Defendants' Wage Deduction Policy were not for the benefit of the employee.

64. The deductions made pursuant to Defendants' Wage Deduction Policy were not made in response to a valid wage assignment or wage deduction order.

65. The deductions made pursuant to Defendants' Wage Deduction Policy were not made with express written consent of the employee which was given freely at the time the deduction was made.

66. Pursuant to Defendants' Wage Deduction Policy, Named Plaintiffs and Illinois Plaintiffs frequently were denied wages and final compensation.

**Defendants' Failure to Pay Final Compensation to Separated Employees**
**(Named Plaintiff and Illinois Plaintiffs v. Defendants)**

67. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

68. Named Plaintiff separated from Defendants on or about March 31, 2015.

69. Defendants did not provide Named Plaintiffs' final paycheck until on or about May 5, 2015, and further made improper deductions from Named Plaintiffs' final paycheck.

70. Upon information and belief, Defendants have a policy and practice of failing to provide timely final compensation to Illinois Plaintiffs and in unlawfully deducting from final compensation due.

**Defendants' Unlawful Wage Deduction Policy**
**(Named Plaintiff and New Jersey Plaintiffs v. Defendants)**

71. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

72. Named Plaintiff was employed in the state of New Jersey because he regularly worked in the state of New Jersey for Defendants.

73. New Jersey Plaintiffs were employed in the state of New Jersey because they regularly worked in the state of New Jersey.

74. Defendants are an "employer" under the statutory definition of the New Jersey Wage Payment Law because Defendants employed truck drivers in the state of New Jersey

75. Defendants regularly made deductions from the wages of Named Plaintiff and New Jersey Plaintiffs for truck repairs, employer-initiated fines, lodging provided for Defendants' benefit, escrow account fees, logbook fees, cash advances, insurance fees, and other miscellaneous fees pursuant to Defendants' Wage Deduction Policy.

76. These deductions were not authorized by law or in writing by Named Plaintiff or New Jersey Plaintiffs.

**Failure to Pay Minimum Wage for all Hours Worked**
**(FLSA and New Jersey Wage & Hour Act)**
**(Named Plaintiff, Collective Action Plaintiffs, and New Jersey Plaintiffs v. Defendants)**

77. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

78. Defendants' Wage Deduction Policy and its pay structure regularly caused Named Plaintiffs' wages to drop below the New Jersey Minimum Wage and the federal minimum wage.

79. By way of example, for the workweek of March 17, 2015, Named Plaintiff drove approximately 775 miles and worked approximately 70 hours. For said workweek, Defendants paid Named Plaintiff $776, but then deducted from his pay, pursuant to Defendant's Wage Deduction Policy, $30 for "Occupational Accident Insurance", $4 for "Logbook Charge", $100 for "Escrow Payment", $75 for "T-Chek for Motel", $200 for "T-Chek – cash adv", and $200 for an employer-issued. Said deductions totaled $609 and resulted in Named Plaintiffs' wages being reduced to $167 for said workweek, netting an hourly rate of approximately $2.38.

80. Upon information and belief, Collective Action Plaintiffs and New Jersey Plaintiffs regularly were paid less than the minimum wage as a result of Defendant's Wage Deduction Policy and its pay practices.

**Failure to Pay 1.5 times Minimum Wage for Hours over 40**
**(New Jersey Wage & Hour Act)**
**(Named Plaintiff and New Jersey Plaintiffs v. Defendants)**

81. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

82. In addition to paying Named Plaintiff and New Jersey Plaintiffs less than the New Jersey minimum wage, Defendants further failed to pay Named Plaintiff and New Jersey

12

Plaintiff at least 1.5 times the minimum wage for all hours worked in excess of 40 hours per workweek, in violation of the New Jersey Wage & Hour Act.

**COUNT I**
**Violations of the Fair Labor Standards Act**
**(Failure to Pay Minimum Wage)**
**Named Plaintiff and Collective Action Plaintiffs v. Defendants**

83. The foregoing paragraphs are incorporated herein as if set forth in full.

84. At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of the FLSA.

85. At all times relevant herein, Named Plaintiffs and Collective Action Plaintiffs were/are "employees" within the meaning of the FLSA.

86. The FLSA requires employers, such as Defendants, to minimally compensate employees, such as Named Plaintiff and Collective Action Plaintiffs, at the federal minimum wage rate for each hour worked.

87. As a result of Defendants' company-wide practices and policies of not paying its employees at least the federally mandated minimum wage for all hours worked, Named Plaintiffs and Collective Action Plaintiffs have been harmed.

88. John Does 1-5 are jointly and individually liable for Defendant's failure to compensate Named Plaintiffs and Collective Action Plaintiffs at least the statutorily mandated federal minimum wage for all hours worked because they directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices which violated the FLSA.

89. John Does 6-10 are jointly and individually liable for Defendant's failure to compensate Named Plaintiff and Collective Action Plaintiffs at least the statutorily mandated

13

federal minimum wage for all hours worked because they had control over processing payroll for Named Plaintiffs and Collective Action Plaintiffs.

90. Defendants willfully failed to compensate Named Plaintiffs and Collective Action Plaintiffs the federal minimum wage.

91. As a result of Defendants' failure to compensate Named Plaintiffs and Collective Action Plaintiffs at the federal minimum wage rate, Defendants have violated and continue to violate the FLSA.

## COUNT II
### Violations of the Illinois Wage Payment and Collection Act
### (Unlawful Deductions)
### Named Plaintiff and Illinois Plaintiffs v. Defendants

92. The foregoing paragraphs are incorporated herein as if set forth in full.

93. At all times relevant herein, Defendants stood in an Employer/Employee relationship with Named Plaintiffs and Illinois Plaintiffs.

94. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiff and Illinois Plaintiffs.

95. Defendants violated the Illinois Wage Payment and Collection Act by withholding wages for illegal deductions from Named Plaintiff's and Illinois Plaintiffs' paychecks.

96. John Does 1-5 are jointly and individually liable for Defendants' unlawful deductions from Named Plaintiff's and Illinois Plaintiffs' pay because they directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices which violated the Illinois Wage Payment and Collection Act.

97. John Does 6-10 are jointly and individually liable for Defendants' unlawful deductions from Named Plaintiffs and Illinois Plaintiffs pay because they directly or indirectly,

directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices which violated the Illinois Wage Payment and Collection Act.

98. As a result of Defendants' conduct, Named Plaintiff and Illinois Plaintiffs have suffered damages.

**COUNT III**
**Violations of the New Jersey Wage Payment Collection Law**
**(Unlawful Deductions)**
**Named Plaintiff and New Jersey Plaintiffs v. Defendants**

99. The foregoing paragraphs are incorporated herein as if set forth in full.

100. At all times relevant herein, Defendants stood in an Employer/Employee relationship with Named Plaintiffs and New Jersey Plaintiffs.

101. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiff and New Jersey Plaintiffs.

102. Defendants violated the New Jersey Wage Payment Collection Law by withholding wages for illegal deductions from Named Plaintiff's and New Jersey Plaintiffs' paychecks.

103. As a result of Defendants' conduct, Named Plaintiff and New Jersey Plaintiffs have suffered damages.

**COUNT IV**
**Violations of the New Jersey Wage and Hour Law**
**(Failure to Pay Minimum Wage and 1.5 times Minimum Wage for Hours over 40)**
**Named Plaintiff and New Jersey Plaintiffs v. Defendants**

104. The foregoing paragraphs are incorporated herein as if set forth in full.

105. At all times relevant herein, Defendants stood in an Employer/Employee relationship with Named Plaintiffs and New Jersey Plaintiffs.

106. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiff and New Jersey Plaintiffs.

107. Defendants' violations of the New Jersey Wage and Hour Law include, but are not limited to, failure to pay Named Plaintiff and New Jersey Plaintiffs at least the state mandated minimum wage for all hours worked and failure to pay 1.5 times the minimum wage for hours worked over 40 per workweek.

108. As a result of Defendants' conduct, Named Plaintiff and New Jersey Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their policies, practices or customs in violation of state laws and principles of equity;

(2) Defendants are to compensate, reimburse, and make Named Plaintiffs and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings. Named Plaintiffs and Class Plaintiffs should be accorded those benefits illegally withheld;

(3) Named Plaintiffs and Class Plaintiffs are to be awarded liquidated damages as applicable under the laws they are suing under an amount equal to the actual damages in this case;

(4) Named Plaintiffs and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

(5) Any and all other equitable relief which this Court deems fit.

*(signature on next page)*

Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
Travis Martindale-Jarvis, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: October 2, 2015

## **DEMAND TO PRESERVE EVIDENCE**

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Class Plaintiffs' employment, to Named Plaintiff's and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

## DESIGNATION OF TRIAL COUNSEL

Justin L. Swidler, Esquire, of the law firm of Swartz Swidler, LLC, is hereby designated trial counsel.

Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417